Scott Randolph, LLC v Gholis of Brooklyn Corp.
2026 NY Slip Op 02687
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Scott Randolph, LLC, appellant,
v
Gholis of Brooklyn Corp., et al., respondents, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2021-01764, (Index No. 512250/14)
Colleen D. Duffy, J.P.
William G. Ford
Donna-Marie E. Golia
Susan Quirk, JJ.

Brief Carmen & Kleiman, LLP, New York, NY (Ira Kleiman of counsel), for appellant.
Combs & Taylor LLP, Brooklyn, NY (Evan J. Taylor of counsel), for respondent Gholis of Brooklyn Corp.
Rossi, Crowley, Sancimino & Kilgannon, LLP, Douglaston, NY (Sally Sancimino and Peter Metis of counsel), for respondent Bethpage Federal Credit Union.
Sherwood & Truitt Law Group, PLLC, Garden City, NY (James P. Truitt III of counsel), for respondents Bushwack 10, LLC, Bushwack 5, LLC, and Dawson Stellberger.

[*1]
DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated February 4, 2021. The order, insofar as appealed from, granted the separate motions of the defendant Bethpage Federal Credit Union, the defendants Bushwack 10, LLC, Bushwack 5, LLC, and Dawson Stellberger, and the defendant Gholis of Brooklyn Corp., among other things, for summary judgment dismissing the amended complaint insofar as asserted against each of them, denied the plaintiff's motion, inter alia, for summary judgment declaring that a certain deed is void, and denied the plaintiff's cross-motion for summary judgment dismissing the counterclaims of the defendants Bushwack 10, LLC, Bushwack 5, LLC, and Dawson Stellberger.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff does not possess any rights to, title to, or interest in the subject property and that the defendant Gholis of Brooklyn Corp. is entitled to retain a down payment made pursuant to the contract for the sale of real property.
In December 2014, the plaintiff commenced this action against the defendant Gholis of Brooklyn Corp. (hereinafter Gholis) for specific performance of a contract of sale for commercial real property located in Brooklyn (hereinafter the premises) for an all cash sales price of $8,325,000 and to recover damages for breach of contract. The complaint was later amended to add, among others, the defendant Bethpage Federal Credit Union (hereinafter the Credit Union), which held a mortgage on the premises, the defendants Bushwack 10, LLC, and Bushwack 5, LLC (hereinafter together Bushwack), and the defendant Dawson Stellberger. The amended complaint asserted, inter [*2]alia, causes of action alleging tortious interference with contract against Bushwack, alleging fraud against Bushwack and Stellberger, and for a judgment declaring that a deed conveying the premises from Gholis to Bushwack is void and setting aside the mortgage held by the Credit Union against all of the defendants. Issue was joined by service of the respective answers with counterclaims of Gholis, the Credit Union, and Bushwack and Stellberger.
Upon the completion of discovery, the Credit Union, Bushwack and Stellberger, and Gholis separately moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against each of them. In addition, Gholis moved for summary judgment on its counterclaim for a judgment declaring that the plaintiff defaulted on its obligations under the contract and that Gholis was therefore entitled to retain a down payment made pursuant to the contract. Bushwack and Stellberger also moved for summary judgment on their counterclaims for a judgment "declaring that Plaintiff does not possess any rights to, title to, or interest in the [premises]." The plaintiff opposed the separate motions and moved, inter alia, for summary judgment on its causes of action for specific performance of the contract, alleging breach of contract, and for a declaratory judgment. The plaintiff also cross-moved for summary judgment dismissing the counterclaims by Bushwack and Stellberger for a declaratory judgment.
In an order dated February 4, 2021, the Supreme Court, among other things, granted the separate motions of the Credit Union, Bushwack and Stellberger, and Gholis and denied the plaintiff's motion and cross-motion. The plaintiff appeals.
"A party seeking specific performance of a contract for the sale of real property is required to establish not only that he or she was ready, willing, and able to close on the scheduled closing date, but also that the other party was in default" (Latora v Ferreira, 102 AD3d 838, 839). "Unsubstantiated assertions that the funds necessary to perform could be secured, or conclusory assertions that the plaintiff was ready, willing, and able to perform, are insufficient to satisfy this burden" (Aliperti v Laurel Links, Ltd., 27 AD3d 675, 676).
"[W]hen a party to a real estate contract declares time to be of the essence in setting a closing date, each party must tender performance on that date, and a failure to perform constitutes a default" (Perelmuter v LRM Bldrs., LLC, 230 AD3d 1165, 1166 [internal quotation marks omitted]; see Grace v Nappa, 46 NY2d 560, 565). "Where a seller seeks to hold a purchaser in breach of contract [and retain the down payment], the seller must establish that he or she was ready, willing, and able to perform on the time-of-the-essence closing date, and that the purchaser failed to demonstrate a lawful excuse for his or her failure to close" (Martocci v Schneider, 119 AD3d 746, 748 [alterations and internal quotation marks omitted]; see Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 138). Similarly, as a general rule, to prevail on a cause of action for the return of a down payment on a contract for the sale of real property, the evidence must demonstrate that the seller was not ready, willing, and able to perform on the law day (see Perelmuter v LRM Bldrs., LLC, 230 AD3d at 1166-1167).
Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of Gholis's motion which were for summary judgment dismissing the cause of action for specific performance of the contract asserted against it and on its counterclaim for a judgment declaring that the plaintiff defaulted on its obligations under the contract and that Gholis was therefore entitled to retain the down payment made pursuant to the contract. Gholis demonstrated that it was ready, willing, and able to close by submitting a title policy that indicated that Gholis was capable of delivering marketable and insurable title to the premises. In addition, Gholis demonstrated that the plaintiff had defaulted by failing to appear at the scheduled closing. In opposition, the plaintiff failed to raise a triable issue of fact (see Ashkenazi v Miller, 190 AD3d 668, 672; Martocci v Schneider, 119 AD3d at 749).
Likewise, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance of the contract. The plaintiff failed to demonstrate, prima facie, that Gholis was in breach of the contract and that a time-of-the-essence notice was a "nullity" so as to relieve the plaintiff of the requirement that it demonstrate, prima facie, that it was ready, willing, and able to close (see Perelmuter v LRM Bldrs., [*3]LLC, 230 AD3d at 1166-1167; Latora v Ferreira, 102 AD3d at 839).
Contrary to the plaintiff's contention, the Supreme Court properly granted those branches of the motion of Bushwack and Stellberger which were for summary judgment dismissing the causes of action alleging tortious interference with contract and fraud insofar as asserted against them. Bushwack and Stellberger submitted evidence demonstrating, inter alia, that Stellberger did not enter into a "backup contract" until after the plaintiff had expressed a wish to terminate its contract with Gholis. In opposition, the plaintiff failed to raise a triable issue of fact (see Ferdinand v Siegel, 236 AD3d 861, 862; Ginsburg Dev. Cos., LLC v Carbone, 134 AD3d 890, 892-893).
The plaintiff's remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, among other things, declaring that the plaintiff does not possess any rights to, title to, or interest in the premises and that Gholis is entitled to retain the down payment made pursuant to the contract (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court